IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00330-PAB

MARC T. CRAIN,

    Plaintiff,

v.

REYNIE RUTLEDGE,
ANN RUTLEDGE, and
FRANK FOAST,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the March 3, 2015 Response to Order to Show Cause filed by plaintiff Marc T. Crain.  Docket No. 5.  The Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Docket No. 4.  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

    The complaint did not articulate a basis for the Court's subject matter jurisdiction.  *See* Docket No. 1 at 2.  Although in the Civil Cover Sheet, Docket No. 1-1, plaintiff checked the box indicating that the court has federal question jurisdiction, no federal question is identified in either the Civil Cover Sheet or the complaint.

    In response to the Court's order to show cause, plaintiff explains that defendants received "stolen liquid assets" from the illegal sale of two cars that belonged to plaintiff,

and then deposited the money into plaintiff's irrevocable trust. Docket No. 5 at 1. Plaintiff further stated that he filed his claim as a "civil rights crime" because of the involvement of a "federal bank and trust," presumably the bank into which the funds were deposited. *Id.* at 2.

The Court finds that plaintiff has not articulated a basis for the Court's subject matter jurisdiction. Even construing plaintiff's statement that this is a "civil rights crime" liberally, the Court finds that plaintiff has not provided a sufficient basis for the Court's subject matter jurisdiction. A claim for deprivation of property under color of law pursuant to 42 U.S.C. § 1983 requires an allegation that defendants are state actors. *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). Because plaintiff has not alleged any facts that suggest that any named defendant is a state actor, plaintiff has not identified a federal question that permits the Court to exercise jurisdiction over his claims. *See Cordova v. Blockbuster Video Corp.*, 315 F. App'x 729, 730 (10th Cir. 2009) (affirming dismissal for failure to provide a statement of the basis for the court's jurisdiction where a complaint "did not allege that any defendant was a state actor who could be sued under 42 U.S.C. § 1983).

Since plaintiff has not met his burden of "establishing [the Court's] jurisdiction as a threshold matter," *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004), it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

DATED March 30, 2015.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge